**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rockie Lane HILLIARD,**
**Defendant–Appellant.**

**No. 93–5450.**

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 8, 1993.

Decided Dec. 14, 1993.

Certiorari Denied Feb. 22, 1994.

See 114 S.Ct. 1099.

Joseph C. Murphy, Jr., Asst. U.S. Atty., Memphis, TN (briefed), for plaintiff-appellee.

Rockie Lane Hilliard, Timothy R. Holton, Crow & Holton, Memphis, TN (briefed), for defendant-appellant.

Before: KENNEDY, MARTIN, and SILER, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Rockie Lane Hilliard appeals his jury conviction for aiding and abetting the possession of cocaine with intent to distribute and for carrying and using a firearm in relation to a drug trafficking crime. Hilliard challenges the district court's exclusion of a codefendant's statement against interest and contends that the evidence presented at trial was insufficient to support the jury's verdict. For the following reasons, we affirm Hilliard's convictions.

On March 30, 1990, officers with the Organized Crime Unit of the Memphis Police Department executed a search warrant at a house located at 3271 Henry Street in Memphis, Tennessee. As the officers forced their way into the house, they initially saw three men sitting around a table in the main room. The men immediately leapt to their feet, ran into the adjoining kitchen, and attempted to exit through the back door. In their haste,

all three collided with the inward-opening door, breaking the glass and tumbling to the floor. The officers, rushing in to secure the suspects, observed Hilliard remove a gun from his waistband and shove it under the nearby stove. Moments later, the officers retrieved the weapon, a loaded .357 magnum revolver.

The officers subsequently searched the house. On the table in the living area, the officers discovered a mound of cocaine powder and four plastic bags, each containing at least 225 grams of cocaine. The table also held $15,000 in cash, an electronic scale, bottles of a common cocaine cutting agent, and a number of plastic baggies. Underneath the table, the officers found a kilogram of cocaine and a loaded pistol.

The three men, Hilliard, Cedric Wade, and Perry Rogers, were arrested. Minutes later, Wade, in response to questioning, acknowledged ownership of both the drugs and the money. After being transported to the police station, however, Wade refused to sign a written statement reiterating that the drugs and money belonged to him.

On April 18, a federal grand jury indicted Hilliard on one count of possession of cocaine with intent to distribute and aiding and abetting the possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In addition, Hilliard was charged with carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Following a four-day trial, a jury found Hilliard guilty of both charges. On March 26, 1993, the district court sentenced Hilliard to a term of thirteen years and one month imprisonment with four years of supervised release. This timely appeal followed.

Hilliard now challenges his conviction, maintaining first that the district court erred in excluding from evidence, under Federal Rule of Evidence 804(b)(3), Wade's post-arrest statement. At trial, the district court granted the government's motion in limine and directed that all testimony regarding Wade's claim of ownership of the cocaine and currency be excluded because Wade's refusal to sign the written confession cast doubt on the trustworthiness of his declaration. We review the district court's evidentiary ruling under an abuse of discretion standard. *United States v. Noel*, 938 F.2d 685, 688 (6th Cir.1991).

■ Rule 804(b)(3) authorizes the admission of certain statements against interest made by witnesses unavailable to testify at trial. Where, as here, the statement is offered to exculpate the accused in a criminal case, Rule 804(b)(3) imposes three threshold admissibility requirements: (1) the declarant is unavailable to testify; (2) the statement subjects the declarant to real criminal liability; and (3) "corroborating circumstances clearly indicate the trustworthiness of the statement." Fed.R.Evid. 804(b)(3); *United States v. Arthur*, 949 F.2d 211, 216 (6th Cir.1991).

■ Wade's post-arrest statement clearly meets the first two standards. All parties agreed that Wade, who died prior to trial, was unavailable to testify. In addition, Wade's post-arrest declaration to the police, claiming ownership of both the cocaine and currency, was clearly contrary to his penal interests. *See Noel*, 938 F.2d at 688. Accordingly, as the district court properly noted, the admissibility of Wade's statement turned solely on the third element—the trustworthiness of the declaration.

While the assessment of a statement's trustworthiness is left to the district court, we have made it clear that the district court abuses its discretion "when it refuses to allow into evidence statements that are corroborated by other substantial evidence." *Arthur*, 949 F.2d at 216. Here, the district court determined that Wade's statement could not be admitted for a single reason: Wade declined to sign a written confession at the police station. This fact is not dispositive. In so ruling, the district court failed to weigh the corroborating evidence presented by Hilliard. Moreover, the district court usurped a role best left to the jury by improperly assessing the credibility, rather than the reliability, of Wade's statement. *See Arthur*, 949 F.2d at 219–20 (Gibbons, J., concurring). As the district court based its decision solely on Wade's failure to repeat the statement in

writing, we cannot defer to the district court's exercise of discretion here.

█ Despite the district court's error in failing to consider the appropriate factors in ruling on the admission of this evidence, Hilliard's conviction must stand. Hilliard was charged with and convicted of *aiding and abetting* the possession of cocaine. Wade's claim of ownership of the cocaine, which in no way exculpates Hilliard, is thus not material evidence. Given the extensive testimony at trial supporting Hilliard's guilt on the counts of conviction, this Court finds that the district court's exclusion of the hearsay evidence was harmless error. *Chapman v. California,* 386 U.S. 18, 23–24, 87 S.Ct. 824, 827–28, 17 L.Ed.2d 705 (1967).

█ Raising a second challenge to his conviction, Hilliard maintains that the government failed to produce sufficient evidence to establish the requisite elements of the offenses with which he was charged. In sum, Hilliard claims that no evidence introduced at trial indicated that he owned the contraband, lived at the Henry Street residence, or was named in the search warrant. Hilliard also emphasizes that Wade claimed ownership of the cocaine and currency, had ties to the Henry Street residence, and matched the search warrant description. On the basis of these assertions, Hilliard insists that his conviction cannot stand. We are not persuaded.

In addressing sufficiency of the evidence questions, this Court has long recognized that we *do not weigh the evidence, consider the credibility of witnesses or substitute our judgment for that of the jury. United States v. Evans,* 883 F.2d 496, 501 (6th Cir.1989). Instead, we look only to whether after reviewing "the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *United States v. Beddow,* 957 F.2d 1330, 1334 (6th Cir.1992) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). Indeed, even "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not 'remove every reasonable hypothesis except that of guilt.' " *United States v. Ellzey,* 874 F.2d 324, 328 (6th Cir.1989) (quoting *United States v. Stone,* 748 F.2d 361, 363 (6th Cir. 1984)).

In light of these standards, Hilliard's challenge to his conviction must fail. Testimony at trial established that Hilliard was observed sitting at the table in the living area, surrounded by cocaine, currency, and drug paraphernalia. Police officers also saw Hilliard remove a loaded weapon from his waistband and recovered a beeper from him. After reviewing the record, we conclude that, on the evidence presented, the jury could have found beyond a reasonable doubt that Hilliard aided and abetted the possession of cocaine with the intent to distribute and carried a firearm in relation to a drug trafficking crime. Accordingly, the district court properly denied Hilliard's motion for a judgment of acquittal.

For these reasons, the judgment of the district court is affirmed.