34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Edward ALLEY, Defendant-Appellant.
 No. 93-6510.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 William Edward Alley appeals his jury convictions of conspiracy to commit armed bank robbery and armed bank robbery, in violation of 18 U.S.C. Secs. 2, 371 and 2113. He is now serving an aggregate term of 188 months of imprisonment and five years of supervised release. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this appeal. Fed.R.App.P. 34(a).
 
 
 2
 Alley argues only that there was insufficient evidence to support his convictions. In determining whether there has been a constitutional error regarding the sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution and decide whether any rational trier of fact would accept it as establishing each of the essential elements of the offense. United States v. Hilliard, 11 F.3d 618, 620 (6th Cir.1993), cert. denied, 114 S.Ct. 1099 (1994).
 
 
 3
 In the present case, Alley testified that he had not participated in the crime because he was recovering from cataract surgery. This alibi was supported by the testimony of Alley's former wife and daughter. However, the jurors also heard the testimony of Bryant Phillips, who testified that he planned and committed the robbery with Alley and several other men. Phillips also identified Alley as being one of the robbers in surveillance photographs from the bank. In addition, Robert Baugh testified that he and Alley had planned to rob the bank, that he had supplied rifles for use during the robbery and that the money stolen from the bank was divided at his house by several men, including himself and Alley. Baugh also identified Alley as one of the robbers in the surveillance photographs.
 
 
 4
 This conflicting testimony created a credibility problem that was properly resolved by the jury. See United States v. Scartz, 838 F.2d 876, 878 (6th Cir.), cert. denied, 488 U.S. 923 (1988). It was not unreasonable for the jurors to believe Phillips and Baugh because their testimony incriminated themselves as well as Alley. Their testimony was also generally corroborated by the other witnesses for the prosecution. Under these circumstances, a rational juror could easily find that Alley had participated in the robbery despite his alibi defense. See Hilliard, 11 F.3d at 620. Thus, Alley has not shown that the jurors relied on insufficient evidence in reaching their verdict.
 
 
 5
 Accordingly, the district court's judgment is affirmed.