99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony WALLS, Defendant-Appellant.
 No. 95-2178.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1996.
 
 Before: SUHRHEINRICH, DAUGHTREY and GIBSON,* Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Tony Walls, was convicted at a bench trial of three counts of distributing heroin, one count of possession with intent to distribute heroin, and of being a felon in possession of a firearm. Walls now contends that the evidence adduced at trial was insufficient to support the two possessory-offense convictions. He further claims that his trial counsel failed to provide him with effective legal assistance. After full briefing and oral argument, we find no basis on which to disturb the district court's judgment.
 
 
 2
 Sitting as trier of fact, the district court made detailed findings that, taken together, established that the defendant had constructive possession of both the heroin and the firearm at the time of his arrest. Those findings are set out at length in the record and need not be reiterated here. When we review such findings as the result of a challenge to the sufficiency of the evidence, we may not reweigh that evidence, pass upon the credibility of witnesses, or substitute our judgment for that of the finder of fact. United States v. Hilliard, 11 F.3d 618, 620 (6th Cir.1993). Instead, we must view the proof in the light most favorable to the prosecution and must draw every reasonable inference in the government's favor. United States v. Hayter Oil Co., 51 F.3d 1265, 1270 (6th Cir.1995).
 
 
 3
 Bound by these entrenched standards of judicial review, we cannot conclude that the evidence offered by the United States in this matter was insufficient to support the challenged convictions. Although the defendant and the government argue that different results could be obtained upon evaluation of the relevant trial testimony, we conclude that a rational trier of fact could, by crediting the testimony offered by the prosecution's witnesses, find Walls guilty of the charged offenses beyond a reasonable doubt. Under Jackson v. Virginia, 443 U.S. 307, 319 (1979), the evidentiary challenges raised in this appeal are, therefore, without merit.
 
 
 4
 Moreover, as to the issue raised by the court at oral argument regarding the legal sufficiency of the defendant's stipulation that the firearm had been "transported in interstate commerce," we find Sixth Circuit precedent for holding that such a stipulation meets the "in or affecting commerce" requirement of 18 U.S.C. § 922(g)(1). See United States v. Chesney, 86 F.3d 564, 572 (6th Cir.1996).
 
 
 5
 Walls also lodges an ineffective assistance of counsel claim, complaining of the representation offered by his trial attorney. Because the constitutional challenge was not raised in a timely manner, however, the district court dismissed that allegation without holding an evidentiary hearing. Only in those rare instances in which the appellate record is adequate to enable an assessment of the merits of such an allegation, will we address an ineffective assistance of counsel claim first raised on appeal. The record before us, through no fault of appellate counsel for the defendant, does not permit an appropriate analysis of this issue. We suggest that this constitutional challenge is best left for a post-conviction proceeding under 27 U.S.C. § 2255, so that the parties may develop an adequate record. United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994).
 
 
 6
 Finding no merit to any of the challenges raised by Walls on appeal, we affirm the judgment rendered by the district court.
 
 
 
 *
 The Hon. John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation