UNITED STATES of America, Plaintiff–Appellee,

v.

Robert James ROE, Defendant–Appellant.

No. 03–1508.

United States Court of Appeals, Sixth Circuit.

May 5, 2004.

Daniel Y. Mekaru, U.S. Attorney's Office, Grand Rapids, MI, for Plaintiff–Appellee.

Robert James Roe, Bradford, PA, pro se.

Craig A. Frederick, Grand Rapids, MI, for Defendant–Appellant.

Before SUHRHEINRICH, BATCHELDER, and COLE, Circuit Judges.

## ORDER

Robert James Roe appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A federal jury found Roe guilty of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The district court sentenced Roe to ninety months of imprisonment and ordered Roe to pay restitution in the amount of $10.511.00.

On appeal, Roe's attorney moves to withdraw. Counsel has filed a memorandum in support of his motion to withdraw that has been construed as a "no merit" brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Roe has not responded to counsel's motion to withdraw despite being informed of the opportunity to do so.

Upon review, we grant counsel's motion to withdraw as it reflects that appellate counsel has independently reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Believing the appeal to be without merit, counsel submits no issues for review.

The record reveals sufficient evidence to support Roe's conviction. Sufficient evidence supports a conviction if, after viewing the evidence (and the inferences to be drawn therefrom) in the light most favor-able to the prosecution, the court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Matthews v. Abramajtys,* 319 F.3d 780, 788 (6th Cir. 2003). "This court must uphold a jury verdict if there is substantial evidence, viewed in the light most favorable to the government, to support it." *United States v. Wells,* 211 F.3d 988, 1000 (6th Cir.2000) (citing *Burks v. United States,* 437 U.S. 1, 17, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)). The court does not weigh evidence, make credibility determinations, or substitute its judgment for the jury's verdict. *United States v. Crossley,* 224 F.3d 847, 855–56 (6th Cir.2000) (citing *United States v. Hilliard,* 11 F.3d 618, 620 (6th Cir.1993)). Circumstantial evidence alone may sustain a conviction under this deferential standard of review. *United States v. Adams,* 265 F.3d 420, 423 (6th Cir.2001).

In order to prove a violation of 18 U.S.C. § 2113(a) and (d), the government must show: (1) that by force or threat of force; (2) the defendant attempted to take from a person in another's presence an item of value; (3) that is in the custody or control of a bank; and (4) in doing so, placed in jeopardy the life of any person by use of a dangerous weapon or device. *United States v. Waldon,* 206 F.3d 597, 605 (6th Cir.2000) (citing 18 U.S.C. § 2113(a)); *see also* 18 U.S.C. § 2113(d).

The most damning evidence came in the form of testimony from Roe's friend Amber Nummer. Ms. Nummer testified that Roe came to her house on the day that the Portland Federal Credit Union was robbed with a lot of money—all bills. Some of the money was bundled with straps that had Portland Federal Credit Union stamped on the straps. Roe told Ms. Nummer that he took a BB gun from a department store,

took a Jeep from a used car dealership, drove to the credit union, robbed the credit union, and had hidden the key to the stolen Jeep he used to get away.

The jury also heard the testimony of Damien Holland. Holland testified that Roe admitted robbing the credit union. Roe told Holland that he had stolen a revolver type pellet gun from a department store on the day of the robbery and had removed the inner barrel of the gun to make it more realistic. Roe said that he held the credit union tellers up at gunpoint and that he got $15,000.00 in the robbery. Roe also told Holland that he had hidden the stolen Jeep that he used for the robbery.

The jury also heard testimony regarding Roe's inexplicable new-found wealth and his penchant for spending large sums of money on shopping sprees and motel rooms for himself and his friends.

The parties stipulated that the Portland Federal Credit Union was a federally insured bank. Two credit union tellers and a customer described a white male, approximately twenty years-old, and slight build, as the man who brandished a pistol and robbed the credit union at gunpoint. The robber was seen driving away in a dark-green Jeep vehicle. That vehicle had been stolen the same day from a nearby used car dealership. The foregoing evidence, when viewed in the light most favorable to the government, constitutes substantial evidence to support the jury's verdict. *See* 18 U.S.C. § 2113(a) and (d).

We have further examined the record in this case, including the transcripts of Roe's jury trial and sentencing hearing, and found no reversible error apparent from the record.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's

judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.