NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0537n.06
Filed: July 31, 2007

## NO. 06-3252

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | ON APPEAL from the United States |
| v. | ) | District Court for the Southern |
| | ) | District of Ohio. |
| JUAN ANTONIO BERNAL-BERNAL, | ) | |
| | ) | OPINION |
| *Defendant-Appellant*. | ) | |
| | ) | |
| | ) | |

**Before: RYAN and GRIFFIN, Circuit Judges; HOOD, Chief District Judge.**[*]

HOOD, Chief District Judge. Defendant/Appellant Juan Antonio Bernal-Bernal ("Defendant" or "Bernal") challenges the district court's denial of his motion for acquittal. Defendant was convicted in the United States District Court for the Southern District of Ohio for conspiring to possess with intent to distribute over five kilograms of cocaine and more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine. For the reasons that follow, we **AFFIRM** the judgment of the district court.

On April 7, 2005, a grand jury for the Southern District of Ohio indicted Bernal for one count of conspiring to possess with intent to distribute more than five kilograms of cocaine, in violation

_____

[*]The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(ii), and more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(viii). Following a jury trial, Bernal was found guilty on this one count and was subsequently sentenced to 121 months. Bernal filed a timely notice of appeal.

Bernal argues that the district court erred by denying his motion for acquittal as to Count 1 because the evidence presented by the government was insufficient to support the conviction. By failing to renew his Rule 29 motion at the close of all evidence, Bernal waived any objection to the sufficiency of the evidence in his conviction. However, even if Bernal had renewed his motion, the evidence of Bernal's guilt was sufficient to support a conviction. As a result, the district court did not err in denying his motion for acquittal with respect to Count 1.

Bernal was arrested in New Mexico after law enforcement officers pulled over the car in which he was a passenger and, with the consent of the car's driver, Mauricio Villareal-Garcia, searched the car and found approximately 14.1 kilograms of cocaine and 893.8 grams of methamphetamine in a false compartment. Sgt. Miguel Mendez of the New Mexico State Police interrogated Bernal and, according to Sgt. Mendez, Bernal admitted that he knowingly transported the drugs and that he had taken similar trips in the past. Both Bernal and Villareal-Garcia agreed to travel to their intended destination, Columbus, Ohio, to conduct a controlled delivery of the drugs. The buyer, Octavio Solano-Rodriguez, was arrested and later indicted as the third conspirator. Bernal exercised his right to trial and moved for a judgment of acquittal at the close of the government's evidence. However, Bernal failed to renew this motion at the close of all evidence.

"Absent a showing of a manifest miscarriage of justice, this court will not review a district court denial of a Rule 29 motion where a defendant does not renew that motion at the close of all the

evidence." *United States v. Williams*, 940 F.2d 176, 180 (6th Cir. 1991). Viewing the evidence in the light most favorable to the government, the Court must evaluate whether a manifest miscarriage of justice would result due to this waiver. *Id.* Because the evidence, viewed in the light most favorable to the government, was sufficient to convict Bernal, Bernal has not demonstrated that his waiver of Rule 29 relief constitutes a manifest miscarriage of justice.

To prove conspiracy under 21 U.S.C. § 846, "the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join, and participated in the conspiracy." *United States v. Gaitan-Acevedo*, 148 F.3d 577, 586 (6th Cir. 1998). The elements of a charge of possession with intent to distribute illegal drugs under 21 U.S.C. § 841(a)(1) are as follows: "(1) the defendant knowingly, (2) possessed a controlled substance, (3) with intent to distribute." *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006).

Sgt. Mendez testified that Bernal confessed to having knowledge of and a deliberate role in the conspiracy. Bernal was arrested while riding in a vehicle carrying cocaine and methamphetamine and, according to Sgt. Mendez's testimony, later described his role in the conspiracy to possess and distribute these drugs during an unrecorded interrogation. Sgt. Mendez also testified that Bernal confessed that he had accompanied Villareal-Garcia on three previous trips to transfer money from Ohio to Arizona and bring back drugs from Arizona to Ohio; that he knew he was transferring cocaine; that he had been paid $1,500 for the first two trips and $3,000 for the third trip; that he expected to be paid $3,000 for this latest fourth trip; that he knew the recipient of the drugs; and that he knew how the transfer of the drugs took place. Based on the evidence in the record, the jury could reasonably infer that Bernal conspired to violate the drug laws charged.

Even if Bernal had renewed his motion for acquittal at the close of all evidence, he has not

3

shown that the district court would have erred in denying the motion. Under Federal Rule of Criminal Procedure 29, the district court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "The standard for evaluating claims that a conviction is not supported by sufficient evidence presents a very difficult hurdle for the criminal appellant . . . ." *United States v. Maxwell*, 160 F.3d 1071, 1077 (6th Cir. 1998). "'[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in *Jackson*)).

Bernal contends that the government's evidence was insufficient because the testimony of Sgt. Mendez, who did not record his alleged confession, was so unreliable that no rational trier of fact could have believed what he said. Bernal argues that Sgt. Mendez's testimony on New Mexico State Police procedure when engaging in dialogue with prospective defendants conflicted with that of his fellow officer, Sgt. Rudy Mora, who initially pulled over Villareal-Garcia's vehicle. Furthermore, although Sgt. Mendez conducted the entire interrogation in Spanish, Bernal contends that, because he is a Spanish speaker and because he was in custody from 11:28 a.m. until his interrogation at 3:50 p.m., his isolation and anxiety may have elicited a false confession. However, Bernal never challenged the legality of his confession before the district court.

Bernal's argument challenges the credibility of Sgt. Mendez as a witness, not, as he claims, the sufficiency of the evidence. "[D]etermining the credibility of witnesses is a task for the jury, not this court." *United States v. Kelly*, 204 F.3d 652, 656 (6th Cir. 2000) (citing *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993)); *see United States v. Adamo*, 742 F.2d 927, 935 (6th Cir.

4

1984) ("A trial judge considering a Rule 29 motion may neither weigh conflicting evidence nor consider the credibility of witnesses."). The jury was entitled to accept the testimony of Sgt. Mendez despite Bernal's counsel's efforts to discredit his testimony by questioning him on cross-examination about his failure to record the interview.

For the reasons stated above, we **AFFIRM** the decision of the district court.