NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0233n.06

Case Nos. 19-5197/5582

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Apr 29, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| TONY BRITTON and JAMES JONES, | ) | KENTUCKY |
| | ) | |
| Defendants-Appellants. | ) | |
| | | OPINION |

**BEFORE: GILMAN, DONALD, and LARSEN, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Tony Britton and James Jones were indicted for conspiring with six other codefendants to distribute oxycodone, in violation of 21 U.S.C. § 846. Britton and three of the other codefendants were also indicted for aiding and abetting the burglary of a Kentucky pharmacy to obtain oxycodone, in violation of 18 U.S.C. §§ 2 and 2118(b). After proceeding to trial, the jury found both Britton and Jones guilty as charged. The district court then sentenced Britton to 72 months of imprisonment and Jones to 108 months of imprisonment. Each filed a separate appeal, which this court consolidated.

Britton argues that the district court committed reversible error when it did not suppress the results of a search warrant for historical cell-site location information (CSLI). He further contends that the district court erred when it did not investigate potential juror bias, and when it

admitted an exhibit that included annotations indicating the location of certain cell-phone towers. Jones in turn argues that the evidence was insufficient to support his conviction. For the reasons set forth below, we **AFFIRM** the judgment of the district court as to both defendants.

## I. BACKGROUND

### A.     Factual background

Between December 2010 and October 2015, a group of individuals burglarized small pharmacies throughout the southeastern United States. These individuals stole drugs—primarily oxycodone and hydrocodone—from the pharmacies. In September 2015, the police stopped a vehicle that had been identified as being used in the burglary of one of these pharmacies. The owner of the vehicle, Robert Nunley, was subsequently arrested. Nunley's arrest led to the arrest of seven additional individuals, including Britton and Jones.

### B.     Procedural background

A federal grand jury indicted all eight of the individuals in November 2017. Six of the codefendants pleaded guilty to drug conspiracy. The remaining two—Britton and Jones—were tried by a jury. Three of the other codefendants testified for the government at trial.

Prior to trial, Britton moved to suppress the results of two search warrants from 2015 and 2016 that had uncovered subscriber information and historical CSLI for the number assigned to his mobile phone. The district court denied Britton's motion to suppress. Britton also filed a motion in limine seeking to exclude his CSLI data. That motion was also denied. Finally, Britton objected to an exhibit illustrating a map with two cell-tower locations near the site of a pharmacy burglary in Corbin, Kentucky that had pink circles surrounding the cell-phone towers. Britton objected that the circles were suggestive of the signal range of the towers and unfairly implied that his phone was located within that range. The district court overruled Britton's objection.

As for Jones, he moved for a judgment of acquittal at the close of the government's case, arguing that the evidence was insufficient to convict him. The district court denied the motion. Jones renewed his motion at the close of the case and again after his conviction, but without success.

## II. ANALYSIS

### A.    Standard of review

Britton first argues that the district court should have granted his motion to suppress. "When reviewing the denial of a motion to suppress, we will set aside the district court's factual findings only if they are clearly erroneous, but will review de novo the court's conclusions of law." *United States v. Lee*, 793 F.3d 680, 684 (6th Cir. 2015). Britton next argues that the district court failed to properly investigate a claim of potential juror bias. Because Britton failed to make an objection below, we review this claim for plain error. *See United States v. Cook*, 550 F. App'x 265, 270 (6th Cir. 2014) (citing Fed. R. Crim. P. 52(b) and *United States v. Olano*, 507 U.S. 725, 732 (1993)). Finally, Britton argues that the district court improperly admitted an exhibit illustrating the location of the cell-phone towers. We review the district court's evidentiary rulings under the abuse-of-discretion standard. *United States v. Ashraf*, 628 F.3d 813, 826 (6th Cir. 2011). Even if evidence was erroneously admitted, we will "reverse only where the district court's erroneous admission of evidence affects a substantial right of the party." *United States v. White*, 492 F.3d 380, 398 (6th Cir. 2007) (citing Fed. R. Evid. 103(a)).

Jones in turn argues that there was insufficient evidence to support his conviction. We review "de novo a denial of a motion for judgment of acquittal." *United States v. Ramirez*, 635 F.3d 249, 255 (6th Cir. 2011) (quoting *United States v. Solorio*, 337 F.3d 580, 588 (6th Cir. 2003)). "Because the issue is one of legal sufficiency, the court 'neither independently weighs the

evidence, nor judges the credibility of witnesses who testified at trial.'" *Id.* (quoting *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999)).

**B.       Motion to suppress**

Britton first challenges the cell-site data obtained through the 2016 search warrant.  He bases his argument on the Supreme Court's decision in *Carpenter v. United States*, 138 S. Ct. 2206 (2018) (*Carpenter II*), which held that the state must obtain a warrant before "compelling a wireless carrier to turn over a subscriber's CSLI."  *Id.* at 2221.

*Carpenter II* is retroactive for the purposes of this proceeding.  *See Davis v. United States*, 564 U.S. 229, 243 (2011).  "But exclusion of evidence does not automatically follow from the fact that a Fourth Amendment violation occurred."  *Id.* at 244.  "[W]hen the police conduct a search in objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply."  *Id.* at 249–50.  Binding precedent at the time of the 2016 warrant had established that defendants "lack any property interest in cell-site records created and maintained by their wireless carriers."  *United States v. Carpenter*, 819 F.3d 880, 888 (6th Cir. 2016) (*Carpenter I*).  Accordingly, "the government's collection of business records containing cell-site data was not [considered] a search under the Fourth Amendment," and a warrant was not required.  *Id.* at 890.

The police in the present case in fact obtained warrants for their search and seizure of Britton's CSLI.  But Britton argues that the 2016 warrant was invalid because it lacked probable cause and did not specify the place to be searched.  This argument overlooks the fact that (1) a warrant was not required, *id.*; and (2) even if a warrant had been required, the exclusionary rule does not apply "when the police conduct a search in 'objectively reasonable reliance' on a warrant later held invalid," *Davis*, 564 U.S. at 238–39 (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984)).  In other words, the warrant's validity is immaterial to the question at hand because the

officers acted in reasonable reliance on a warrant that was not even required under then-existing law. *See, e.g.*, *United States v. Carpenter*, 926 F.3d 313, 317–18 (6th Cir.), *on reh'g*, 788 F. App'x 364 (6th Cir. 2019) (*Carpenter III*). The district court thus did not err in denying Britton's motion to suppress.

## C.  Potential juror bias

Britton next argues that a new trial is warranted based on potential juror bias. The jurors were asked at jury selection whether they knew Britton. No one responded in the affirmative. On the third day of trial, however, a juror told the jury administrator that "she thinks she actually might know one of the defendants, or one of the defendants might know her, and feels like one of the defendants might actually know where she lives." The juror did not ask to be excused. She did, however, express to the trial judge "some uncomfortableness about her service." When the trial judge asked counsel for input, Britton's counsel stated: "I have no problem with doing nothing at this point and then figuring out where we should go after we review this situation." Jones's counsel similarly stated: "[W]e'll take a look at it and see. I don't think anything needs to be done." The judge agreed, saying: "My instinct is we shouldn't do anything." No one raised the issue again.

Britton now argues that the trial judge should have further investigated the juror in order to determine whether her presence would taint the trial. He argues in particular that the judge should have held a hearing to "determine the circumstances, the impact upon the juror and whether or not [they were] prejudicial."

The key case relied on by Britton is *Remmer v. United States*, 347 U.S. 227 (1954), which requires a hearing "when a defendant alleges that [juror bias] has tainted a trial." *United States v. Walker*, 1 F.3d 423, 431 (6th Cir. 1993) (quoting *United States v. Zelinka*, 862 F.2d 92, 95–96 (6th Cir. 1988)). But Britton never made such an allegation. And even if he had, "no presumption of

prejudice arises," and "the defendant bears the burden of proving actual juror bias." *Id.* (quoting *Zelinka*, 862 F.2d at 96). Britton points to no evidence of actual bias in the record. His claims are purely speculative. Accordingly, the district court did not err by declining to hold a *Remmer* hearing.

Nor did the district court err by not conducting a further inquiry regarding the juror in question. Britton seems to suggest that, even in the absence of a *Remmer* hearing, some additional inquiry was necessary. His argument lacks merit. In *United States v. Solorio*, 337 F.3d 580 (6th Cir. 2003), this court made clear that a party seeking a new trial based on a juror's concealment of information can obtain a new trial only if (1) the juror "deliberately conceals material information on voir dire," or (2) the party shows "actual bias." *Id.* at 595. A juror in *Solorio* had come forward mid-trial after realizing that he had worked with a witness in the case. He was nonetheless permitted to serve, and this court held that the defendants were not entitled to a new trial because there was no evidence of either deliberate concealment or actual bias. *Id.* at 596. The same is true in the present case. Because Britton has made no showing of deliberate concealment or actual bias, he is not entitled to a new trial on this basis.

**D.     The annotated exhibit**

Britton's final argument is that the use of pink circles surrounding the location of the cell towers in question unfairly suggested that Britton's phone was found present within the circles. At trial, the district court overruled all of Britton's objections with regard to this issue. It explained that the government would "make it clear" what the circles did and did not represent, and that Britton could do the same on cross-examination. Indeed, the direct testimony of the government's witness pointed out that the sole purpose of the pink circles was "to make it easier to see . . . the

cell tower," and expressly disclaimed that the pink circles indicated anything about the signal range of the tower. This point was also clarified on cross-examination.

Britton now asks us to reverse the district court's evidentiary rulings. We decline to do so because all "[r]elevant evidence is admissible unless . . . provide[d] otherwise." Fed. R. Evid. 402. One "otherwise" provision is that a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. With regard to Rule 403, Britton failed to establish that the pink circles were prejudicial, much less that any prejudice they posed substantially outweighed their probative value. The circles were introduced for a limited purpose, and that purpose was made clear on both direct and cross-examination. There is no indication that the jury believed otherwise. The district court therefore did not abuse its discretion by admitting the exhibit.

## E.     Sufficiency of the evidence

We now turn to Jones's argument that the district court improperly denied his motion for acquittal based on insufficient evidence. In order "[t]o sustain a conviction for drug conspiracy under section 846, the government must prove beyond a reasonable doubt: (1) an agreement to violate drug laws; (2) knowledge of and intent to join the conspiracy; and (3) participation in the conspiracy." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). "[O]ur court on appeal will reverse a judgment for insufficiency of evidence only if this judgment is not supported by substantial and competent evidence upon the record as a whole, and . . . this rule applies whether the evidence is direct or wholly circumstantial." *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984).

Jones argues that there was no physical evidence to connect him to the crime. He contends that the only evidence offered against him was the testimony of three of his codefendants, which he maintains was insufficient to find him guilty beyond a reasonable doubt. But he cites no caselaw in support of his argument, and instead simply summarizes the trial testimony against him. That trial testimony implicated Jones in the conspiracy, and the testimony was corroborated by security video, photos, and text messages that Jones exchanged with Nunley.

This court does not ask itself "whether it believes the evidence at the trial established guilt beyond a reasonable doubt." *United States v. Lee*, 359 F.3d 412, 416 (6th Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). It instead asks whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements." *Jackson*, 443 U.S. at 319 (emphasis in original). And we have "long recognized that we do not weigh the evidence, consider the credibility of witnesses or substitute our judgment for that of the jury." *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). That is essentially what Jones is asking us to do. The jury in the present case found that the trial testimony was credible and that sufficient evidence existed to convict Jones. Its verdict was supported by "substantial and competent evidence" in the form of testimony, video, photos, and text messages. *See Stone*, 748 F.2d at 363.

Moreover, "[t]he general hesitancy to disturb a jury verdict applies with even greater force when a motion of acquittal has been thoroughly considered and subsequently rejected by the trial judge." *Lee*, 359 F.3d at 418–19. The district court in the present case reviewed the trial evidence and concluded that there was sufficient evidence to support the jury's verdict. Jones has failed to present any convincing argument to the contrary.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court as to both Britton and Jones.