COOK, J., delivered the opinion of the court, in which ROGERS, J., joined. MARTIN, J. (pp. 6-10), delivered a separate dissenting opinion.
OPINION
COOK, Circuit Judge.
Jewel Steele, Warden, appeals the district court’s grant of a writ of habeas corpus to inmate Tabatha White. We reverse because, in its sufficiency-of-the-evidence review, the district court failed to accord the deference due to the judgment of the Tennessee Court of Criminal Appeals.
I. BACKGROUND
The state court opinion from White and co-defendant Leon Robins’s direct appeal adequately sets forth the facts underlying the conviction, Tennessee v. Robins, No. M 2001-01862-CCA-R3-CD, 2003 WL 1386835, at *1-4, 2003 Tenn.Crim.App. LEXIS 238, at *2-12 (Tenn.Crim.App. Mar. 20, 2003), and we draw from those facts in highlighting the issue on review. The conflict began when White gave Eugene Simmons ten dollars to buy cocaine. The Tennessee Court described her as “mad.” When Simmons failed to return with either the drugs or the money, White looked for him and instructed others to do the same. White, accompanied by Robins, confronted Simmons after a phone call alerted White to his location. She approached Simmons and angrily demanded her money. Immediately thereafter, Robins pulled a handgun and shot Simmons several times at close range, killing him. The State of Tennessee indicted and tried White and Robins together. A jury convicted White of first degree murder under Tennessee’s aiding and abetting statute, which assigns criminal responsibility for the conduct of another if: “(2) [ajcting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense....” Tenn.Code Ann. § 39 — 11— 402(2).
White received a life sentence. After an unsuccessful direct appeal, she brought an action under 28 U.S.C. § 2254 seeking to set aside her murder conviction, claiming that the proof used to convict her failed to meet constitutional sufficiency standards under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The district court agreed, granting her a writ of habeas corpus. White v. Steele, No. 3:06-0428, 2008 U.S. Dist. LEXIS 29198 (M.D.Tenn. Apr. 8, 2008).
II. ANALYSIS
Jackson v. Virginia holds that a conviction with insufficient evidence violates the defendant’s federal due process rights. 443 U.S. at 316, 99 S.Ct. 2781. To determine whether sufficient evidence supports a particular conviction, “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. at 319, 99 S.Ct. 2781. The prosecution lacks an “affirmative duty to rule out every hypothesis except that of guilty beyond a reasonable doubt....” Id. at 326, 99 S.Ct. 2781. Thus, “a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the *710 prosecution, and must defer to that resolution.” Id.
The Antiterrorism and Effective Death Penalty Act of 1996 established a further layer of deference that federal courts must accord when reviewing state prisoners’ habeas petitions:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be,granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d). Thus, after AEDPA, federal courts reviewing state habeas claims accord a double layer of deference:
First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See United States v. Hilliard, 11 F.3d 618, 620 (6th Cir.1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court’s sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).
Brown v. Konteh, 567 F.3d 191, 205 (6th Cir.2009).
The district court considered White’s case before Brown articulated this two-layer deferential standard. We must therefore answer the question posed by Brown as the second layer of deference— whether the Tennessee Court of Criminal Appeals unreasonably applied federal law in its conclusion that a rational trier of fact could find White guilty beyond a reasonable doubt from the evidence introduced at trial. Id.; Smith v. Romanowski, 341 Fed.Appx. 96, 100-01 (6th Cir.2009). “The question ‘is not whether a federal court believes the state court’s determination ..: was incorrect but whether that determination was unreasonable — a substantially higher threshold.’ ” Knowles v. Mirzayance, — U.S. -, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007)).
After detailing the evidence against White, the state court held that “[a] jury could reasonably infer from this evidence that she shared the criminal intent to kill the victim.” Robins, 2003 WL 1386835, at *6. The conflict between White and Simmons, not Simmons and Robins, led to the shooting. Given that the jury heard evidence of White’s motive, efforts to locate Simmons, outburst at Simmons at the scene, and arrival with Robins, we cannot say that the Tennessee Court of Criminal Appeals unreasonably determined that a rational trier of fact could infer White’s intent. Her successful efforts to locate *711 Simmons satisfies the statutory requirement of aiding Robbins in the murder.[1]
State v. Ball, 973 S.W.2d 288 (Tenn.Crim.App.1998), does not require a different conclusion. Ball explained the circumstances that support attaching criminal responsibility:
Presence and companionship with the perpetrator of a felony before and after the commission of the offense are circumstances from which one’s participation in the crime may be inferred. No particular act need be shown. It is not necessary for one to take a physical part in the crime. Mere encouragement of the principal is sufficient.
Id. at 294 (internal citation omitted). The Tennessee Court of Criminal Appeals explicitly considered White’s case in light of Ball and found the evidence sufficient to support the conviction. The fact that the state offered no direct evidence that White accompanied the perpetrator after the murder does not mean that the evidence failed to meet the requirements of Ball. Ball merely states that prosecutors can use presence and companionship to prove liability — Ball does not require presence and companionship. The state court interpreted Tennessee law to hold the facts of this case sufficient for a jury to infer White’s intent and participation. Courts must draw a difficult line between inference and speculation, and when a state court draws a reasonable one, we defer to its judgment.
When reviewing habeas claims by state prisoners, federal courts may not reinterpret state law. “Generally speaking, federal habeas corpus is not the proper vehicle for state prisoners to seek review of issues of state law. State courts, after all are the final arbiters of the state law’s meaning and application and [the Sixth Circuit] is not the appropriate forum to adjudicate such issues.” Thompson v. Bock, 215 Fed.Appx. 431, 436 (6th Cir.2007) (internal quotations and citations omitted). Permitting Tennessee to define the contours of its own law, and applying the double-layered deference appropriate in this case, we cannot find that the state court unreasonably applied Jackson v. Virginia.
III. CONCLUSION
. Because White’s state court proceedings did not unreasonably apply or rule contrary to Supreme Court law, we reverse the decision of the district court.

. The dissent claims that this conclusion cannot fit with our past opinions in sufficiency cases. Yet White’s efforts to locate Simmons prior to the killing distinguishes this case from Hopson v. Foltz, 818 F.2d 866, at *2 (Table), 1987 U.S.App. Lexis 6596, at *5 (6th Cir. May 20, 1987), where the defendant took no actions prior to the killing. Furthermore, unlike in Brown v. Palmer, 441 F.3d 347, 353 (6th Cir.2006), where the only evidence indicated that the defendant had no prior relationship with the victim or the shooter, White’s overt act in support of the later killing provided aid to the shooter and offered an additional piece of evidence from which the jury could infer intent.