NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0391n.06

Case No. 13-3906

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 28, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHRISTOPHER BELMONTE, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Petitioner-Appellant, | ) | COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF |
| v. | ) | OHIO |
| | ) | |
| BRIAN COOK, Warden, | ) | |
| | ) | M E M O R A N D U M |
| Respondent-Appellee. | ) | O P I N I O N |
| | ) | |

BEFORE: DAUGHTREY, McKEAGUE and GRIFFIN, Circuit Judges.

**McKEAGUE, Circuit Judge.** Following a tragic car accident on December 19, 2008, resulting in one fatality and several serious injuries, petitioner Christopher Belmonte was convicted under Ohio law of two counts of aggravated vehicular homicide, four counts of aggravated vehicular assault, four counts of vehicular assault, and two counts of operating a motor vehicle under the influence of alcohol or drugs. Belmonte was sentenced in the Franklin County Court of Common Pleas to fourteen years' imprisonment. The convictions and sentence were affirmed on appeal. *State v. Belmonte*, 2011 WL 982735 (Ohio App. 10th Dist. March 22, 2011).

Belmonte filed a petition for a writ of habeas corpus in federal court. He contends that he was denied effective assistance of counsel in trial, that his convictions were not supported by

sufficient evidence, and that his right to a fair trial was compromised by introduction of inadmissible evidence. The district court adopted the Magistrate Judge's Report and Recommendation and denied the petition, but certified the former two issues for appeal. On de novo review, we affirm.

## I

In Claim One, Belmonte contends his trial counsel's performance was constitutionally deficient in that he failed to move to suppress blood-alcohol test results obtained when he was transported to the hospital following the accident. Though he consented to the blood draw, Belmonte contends his consent was invalid because Deputy Scott Morris lacked probable cause to arrest him at the time the blood sample was drawn. Considering the weakness of the evidence then suggesting that he was under the influence of alcohol and that he caused the accident, Belmonte insists there was no reasonable strategic reason for his trial counsel not to seek suppression of the evidence of his blood test results. And if the evidence had been suppressed, he argues, the state would have had insufficient evidence to convict him.

Applying the deferential review mandated by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), the district court rejected the claim. The court held that the Ohio appellate court's adjudication of the ineffective assistance claim was neither based on an unreasonable determination of the facts nor based on an unreasonable application of clearly established federal law. R. 9, Report and Recommendation at 9-15, Page ID # 693-99. We review de novo. *See Hodges v. Colson*, 727 F.3d 517, 525 (6th Cir. 2013) (recognizing that legal conclusions are reviewed de novo).

The Ohio appellate court explicitly considered the totality of the circumstances as they existed at the time Belmonte consented to the blood draw and determined that these facts

amounted to probable cause. *Belmonte*, 2011 WL 982735 at \*3-4. Because probable cause existed, Belmonte's consent was deemed valid and the blood test results were admissible. It follows that counsel's failure to move for suppression for lack of probable cause was deemed not to constitute ineffective assistance because even if such a motion had been brought, it would have been denied, and there is no reasonable probability that the outcome of the trial would have been different but for counsel's failure to move for suppression. In other words, the Ohio court rejected Belmonte's ineffective assistance claim because he could not show that counsel's failure to move for suppression prejudiced the defense, an essential element of his claim, per *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The district court correctly determined that Belmonte failed to show this conclusion involved either an unreasonable determination of facts or unreasonable application of clearly established federal law. Indeed, federal habeas review of a state court's determination of an ineffective assistance claim under AEDPA is "doubly deferential." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). While Belmonte argues for a different interpretation of the state court factual record, he has failed to overcome the presumption of correctness enjoyed by the state court's factual findings by clear and convincing evidence. *See Hodges*, 727 F.3d at 526. Nor has he otherwise shown that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Id.*at 525 (quoting *Harrington*, 131 S. Ct. at 786-87).

Accordingly, for the reasons set forth in the Report and Recommendation adopted by the district court, we affirm the denial of Belmonte's ineffective assistance of counsel claim.[1]

---

[1]During oral arguments, we asked counsel to comment on an ineffective-assistance-of-counsel theory of relief alluded to but not developed in the appellate briefing---i.e., concerning whether trial counsel's performance was deficient for having failed to move for suppression of

## II

In his second claim, Belmonte contends the evidence supporting his convictions was not constitutionally sufficient. He argues that the prosecution expert's testimony about the effect of his blood-alcohol level on his ability to operate a motor vehicle was too inconclusive to establish that he was under the influence. The Ohio appellate court considered this claim at length. *Belmonte*, 2011 WL 982735 at *7-9. Viewing the evidence in the light most favorable to the state, the court concluded that a rational jury could have found the essential elements of the charged offenses proven beyond a reasonable doubt. Specifically, the court considered (1) Dr. John Wyman's testimony that a blood-alcohol content of 0.048 to 0.063 grams would impair the average person's reaction time and judgment; (2) testimony (corroborated by Belmonte's own admission) that Belmonte's vehicle had crossed the center line just before the collision; (3) undisputed evidence that Belmonte had consumed at least two alcoholic drinks shortly before the accident; and (4) evidence that two officers had noticed the odor of alcohol in Belmonte's

---

the blood-alcohol results on the ground that Belmonte was not actually under arrest when he consented to the blood draw. Our exchange with counsel confirmed that such a theory of relief is not properly before us on appeal, for three reasons.

First, the issue was first raised in this appeal in Belmonte's reply brief. Ordinarily, issues not raised in the initial appellate brief are considered abandoned. *See Kovacic v. Cuyahoga County*, 606 F.3d 301, 307 (6th Cir. 2010). Second, the issue was neither properly asserted in Belmonte's habeas petition nor decided on the merits by the district court, and the certificate of appealability issued by the district court cannot plausibly be construed as certifying the "no arrest" theory of relief for review under 28 U.S.C. § 2253(c). *See Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) (declining to address issue not raised below and not certified for appeal); *Byrd v. Collins*, 209 F.3d 486, 538-39 (6th Cir. 2000) (observing that issue not raised in petition need not be considered on appeal). Third, Belmonte concedes that the no-arrest theory of relief was not exhausted in the state courts. Any claim for relief under the no-arrest theory would now appear to be procedurally barred under Ohio law, and Belmonte has failed to show "cause" excusing the procedural default. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (noting that habeas relief is barred absent exhaustion, and where state court relief is procedurally barred, habeas relief is available only on a showing of cause and prejudice); *Thompson v. Bell*, 580 F.3d 423, 437-38 (6th Cir. 2009) (same). Thus, the no-arrest theory of relief is not properly presented in this appeal and is given no further consideration.

presence shortly after the accident. Viewing this evidence in the light most favorable to the state, the state court held it sufficient to sustain the jury's finding that Belmonte engaged in reckless conduct by driving while impaired and causing the fatal collision.

The district court correctly recognized that the state court's adjudication of this claim, too, is subject to "doubly deferential" review, citing *White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009), and *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). R. 9, Report and Recommendation at 19, Page ID # 703. That is, the court recognized that it was also obliged, like the Ohio court, under *Jackson v. Virginia*, 443 U.S. 307, 326 (1979), to defer to the jury's resolution of any conflicting inferences to be drawn from the factual record unless no rational jury could have found the elements proven beyond a reasonable doubt. Further, the court recognized that it was obliged, under AEDPA, to defer to the Ohio court's application of the law to the facts unless shown to be contrary to, or an unreasonable application of, clearly established federal law. We find no error in the district court's holding that Belmonte has failed to carry his heavy burden. The Ohio Court of Appeals' reasoning is well-explained and is not shown to be unreasonable in any way. We therefore affirm the denial of Claim Two as well.

### III

For the foregoing reasons, we deny both claims of error that were certified for appeal. The judgment of the district court, denying Belmonte's petition for writ of habeas corpus, is **AFFIRMED**.