Tabatha WHITE, Petitioner–Appellee,

v.

Jewel STEELE, Respondent–Appellant.

No. 14–5835.

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2015.

Before: MOORE and COOK, Circuit Judges; COHN, District Judge.*

AVERN COHN, District Judge.

This is an appeal in a habeas case under 28 U.S.C. § 2254. Respondent–Appellant Jewel Steele ("Respondent" or "the State") appeals from the grant of habeas relief to Petitioner–Appellee Tabatha White ("Petitioner" or "White"). This is the second time this case has been before this Court. Following a divided reversal and remand of the district court's grant of habeas relief on sufficiency of the evidence grounds, the district court again granted the writ. This time, the district court did so on the grounds that trial counsel was ineffective for failing to request a jury instruction on circumstantial evidence and appellate counsel was likewise ineffective for failing to raise the issue on direct appeal. Respondent contends that the district court again erred. Petitioner contends that the district court correctly granted her habeas relief. She alternatively argues that she is entitled to habeas relief on her claim regarding her failure to testify, a claim presented in the petition but not considered by the district court.

Again, the district court did not give the state courts the deference mandated by habeas jurisprudence. Affording the appropriate deference, and in light of our prior decision finding the evidence sufficient to convict Petitioner, the state court's rejection of Petitioner's claim was neither unreasonable nor contrary to federal law. Therefore, we REVERSE.

## I.

The State of Tennessee indicted Leon J. Robins and Petitioner for first-degree premeditated murder, arising from the shooting death of Eugene Simmons. The jury convicted both Robins and Petitioner of first-degree premeditated murder, and both were sentenced to life imprisonment. Petitioner was convicted on an aiding and abetting theory.

Like the prior panel, we note that the Tennessee Court of Criminal Appeals fully set forth the evidence presented at trial. *Tennessee v. Robins,* No. M2001–01862–CCA–R3–CD, 2003 WL 1386835, at *1–4 (Tenn.Crim.App. Mar. 20, 2003). We draw from its decision those facts pertinent to the issue for review. As aptly stated by the prior panel, "the conflict began when White gave Eugene Simmons ten dollars to buy cocaine." *White v. Steele,* 602 F.3d 707, 709 (6th Cir.2009). When Simmons failed to pay her back, White was upset and told others she was looking for him and instructed others to do the same. On the day of the murder, Pamela Johnson, a friend of White's, spotted Simmons and called White. Johnson, at White's request, put Simmons on the phone "to talk to him about her money." Shortly after the conversation ended, White and Robins arrived and White approached Simmons and demanded her money. Robins then pulled a gun and shot Simmons.

Following the denial of relief on direct review, White filed a motion seeking post-conviction relief in the trial court. White argued in part that the trial court erred in failing to proffer a circumstantial-evidence instruction and that her trial counsel was ineffective for failing to request such an instruction.

The trial court denied the motion. Regarding her claim that counsel was ineffective for failing to request a circumstantial-evidence instruction, it concluded "that this

---

* The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

was not a circumstantial evidence case because there were eyewitnesses to the shooting, which is direct evidence of her participation in the crime" and stated that Petitioner "was confusing the circumstantial evidence rule with the necessity of inferring intent from proven facts." *White v. Tennessee*, No. M2004–02679–CCA–R3–PC, 2005 WL 2662571, at *4 (Tenn.Crim. App. Oct. 19, 2005)

Petitioner appealed. The Tennessee Court of Criminal Appeals also rejected her claim that counsel was ineffective for failing to ask for a circumstantial-evidence instruction, finding it was not required under state law based on the facts presented at trial. *White v. State*, No. M2004–02679–CCA–R3–PC, 2005 WL 2662571 (Tenn.Crim.App. Oct. 19, 2005). The Supreme Court of Tennessee denied review. *White v. State*, No. M2004–02679–SC–PC (Tenn. Feb. 21, 2006).

Petitioner then pursued federal relief by filing a habeas petition in federal district court. The petition presented several claims, including sufficiency of the evidence supporting her conviction. As noted above, the district court granted the petition on this ground. *White v. Steele*, No. 3:06–0428, 2008 WL 9452588, at *12 (M.D.Tenn. Apr. 8, 2008).

The State appealed. In a divided opinion, a panel of this Court reversed. *White v. Steele*, 602 F.3d 707, 707 (6th Cir.2009). Quoting *State v. Ball*, 973 S.W.2d 288, 294 (Tenn.Crim.App.1998), the panel explained the circumstances that supported her conviction for murder under an aiding and abetting theory: "Presence and companionship with the perpetrator of a felony before and after the commission of the offense are circumstances from which one's participation in the crime may be inferred. No particular act need be shown. It is not necessary for one to take a physical part in the crime." *White*, 602

F.3d at 711. The panel majority found that the state court's interpretation of the facts at trial as sufficient for the jury to infer Petitioner's intent and participation was a reasonable interpretation of the "difficult line between inference and speculation." *Id.*

Petitioner filed a petition for a writ of certiorari. The Supreme Court denied the petition. *White v. Steele*, 562 U.S. 858, 131 S.Ct. 130, 178 L.Ed.2d 78 (2010).

On remand to the district court, Petitioner pursued her claim that trial counsel was ineffective for failing to request a circumstantial-evidence instruction. The district court granted relief, reasoning that the critical issue in Petitioner's case was her intent to commit the offense. Having found that the failure to request such an instruction constituted deficient performance, the district court concluded that Petitioner was prejudiced, relying on state court precedent holding that the omission of a circumstantial-evidence instruction constitutes ineffective assistance of counsel. *White v. Steele*, No. 3:06–0428, 2014 WL 1289602 (M.D.Tenn. Mar. 31, 2014).

## II.

### A.

We review the district court's legal conclusions in a habeas proceeding de novo and its factual findings under the clear-error standard. *Awkal v. Mitchell*, 613 F.3d 629, 638 (6th Cir.2010) (en banc). Our review of the Tennessee state-court decisions in this case is governed by the following standards set forth in 28 U.S.C. § 2254(d), which provides as follows:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

There is little doubt that section 2254(d) creates a " 'highly deferential standard for evaluating state-court rulings,' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) internal citation omitted). A state-court decision is contrary to clearly established federal law only "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Brown v. Palmer*, 441 F.3d 347, 350 (6th Cir.2006)

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413, 120 S.Ct. 1495. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411, 120 S.Ct. 1495.

Important to our consideration of this case is that the factual findings of the state court are presumed correct unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir.2010) (brackets omitted) (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)).

■ This appeal raises an issue of ineffective assistance of counsel. To be constitutionally ineffective, an attorney must have performed deficiently, prejudicing a defendant to the extent of denying her a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Significantly, counsel's decisions are entitled to deference by the reviewing state court, and the state court's conclusions about counsel's performance are entitled to an additional layer of deference by a reviewing federal habeas court. *Harrington v. Richter*, 562 U.S. 86, 101, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Thus, in reviewing an ineffective-assistance claim that was adjudicated by a state court, "the question [for the habeas court] is not whether counsel's actions were reasonable. The question is whether there is *any reasonable argument* that counsel satisfied *Strickland's* deferential standard." *Id.* at 105, 131 S.Ct. 770. (emphasis added). Congress designed this standard to be "difficult to meet." *Id.* at 102, 131 S.Ct. 770. The state court's decision must be more than simply wrong: "[E]ven a strong case for relief [under Strickland] does not mean the state court's contrary conclusion was unreasonable." *Id.* Although section 2254(d) does not completely bar federal

review of previously-litigated *Strickland* claims, it allows for the writ to issue only "in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Id.*

## B.

The State argues that the state court reasonably concluded that counsel was not ineffective in declining to request a jury instruction on circumstantial evidence. That conclusion was based on an underlying determination that such an instruction was not warranted under state law. Therefore, the State says, it was reasonable for the state court to conclude that counsel was not deficient in declining to request an instruction that was not required. And it was reasonable for the state court to conclude that the petitioner suffered no prejudice from the omission of a superfluous instruction. Thus, according to the State, the district court erred by deeming the state court's rejection of this ineffective-assistance claim unreasonable.

Petitioner says that both the Tennessee Court of Criminal Appeals and a panel of this Court upheld her conviction as being based upon sufficient evidence from which the jury could have inferred that she shared the same intent to kill as the shooter, Robins. Because the jury inferred her intent from the evidence, her conviction was based (at least in part) upon circumstantial evidence. Under Tennessee's circumstantial-evidence instruction, the jury could convict her only if the evidence excluded all other reasonable hypotheses except her guilt of first-degree murder. Petitioner says that there were any number of other reasonable hypotheses or theories upon which the jury could have acquitted her of first degree murder. For instance, she contends that the jury could have concluded that (a) Petitioner only wanted her

money back and didn't want the victim to be killed; (b) she shared only a common intent with Robins to confront or threaten Simmons; (c) she was not aware that Robins was armed; and/or (d) she did not know that Robins intended to kill Simmons. Thus, she contends that the failure to ask for a circumstantial evidence instruction was prejudicial.

## C.

### 1.

Critical, and dispositive, is whether the state court's decision involved an unreasonable application of clearly established federal law or an unreasonable determination of the facts. To answer this question, we look to the last reasoned state court opinion discussing Petitioner's claim. Here, it was the Tennessee Court of Criminal Appeals who reviewed Petitioner's claim on collateral review and found that a circumstantial-evidence instruction was not required under state law. The state court explained:

> Next, the petitioner claims that she received ineffective assistance of counsel because her attorney failed to request that the trial court give a jury instruction on circumstantial evidence. She contends that a circumstantial evidence instruction was warranted because "[although] there was direct evidence in the form of testimony that Ms. White was present at the scene of the shooting, and asked the victim prior to his being shot where her 'mother-fucking money' was, this is no way establishes any intent to murder the victim." The State argues that because there was direct evidence of the petitioner's guilt, a circumstantial evidence instruction was not required. We conclude that a circumstantial evidence instruction was not warranted and that, in any event, the petitioner has failed to show that she was prejudiced

by the trial court's failure to give the instruction.

A defendant has a "constitutional right to a correct and complete charge of the law." *State v. Teel,* 793 S.W.2d 236, 249 (Tenn.1990). Accordingly, trial courts "should give a requested instruction if it is supported by the evidence, embodies a party's theory, and is a correct statement of the law." *State v. Phipps,* 883 S.W.2d 138, 150 n. 20 (Tenn. Crim.App.1994).

In this case, the jury heard several eye witnesses testify that they saw the petitioner and Robins arrive together and approach the victim together. They then heard the petitioner ask the victim about her money, saw Robins pull out a gun and shoot the victim, and saw the petitioner and Robins flee the scene together. This was direct evidence of the petitioner's guilt. Although the trial court did not instruct the jury on circumstantial evidence, the trial court instructed the jury that a "defendant is criminally responsible as a party to an offense if the offense was committed by the defendant's own conduct, by the conduct of another for which the defendants is criminally responsible or by both." *We believe this was a correct charge of the law.* Moreover, given the evidence against the petitioner, she has failed to show how she was prejudiced by the State's failure to give the instruction. The petitioner is not entitled to relief.

*White v. State,* No. M2004–02679–CCA–R3–PC, 2005 WL 2662571, at *9 (Tenn. Crim.App. Oct. 19, 2005) (alteration in original) (emphasis added). The state court concluded that no such instruction was required under state law. This is significant. Our Court has previously stated, "[p]rinciples of comity require federal courts to defer to a state's judgment on issues of state law." *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir.2001) (citing *Engle v. Isaac,* 456 U.S. 107, 128–29, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)).

The fact that the Tennessee Court of Criminal Appeals found the jury instructions, without an instruction on circumstantial evidence, adequately reflected the applicable state law and corresponding state charges is significant on habeas review. The state court cited state law in making its determination that no circumstantial-evidence instruction was required. Having decided the issue as a matter of state law, the state court's determination that a circumstantial-evidence instruction was not required is binding on this Court. The Supreme Court has "repeatedly held that a state court's interpretation of state law ... binds a federal court sitting in habeas corpus." *Bradshaw v. Richey,* 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005). A federal habeas court may review a state court's decision regarding an omitted jury instruction only insofar as the omitted instruction "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Schrader v. Fowler,* 852 F.2d 569, 1988 WL 76521 at *4–5 (6th Cir.1988) (table) (deeming non-cognizable a challenge to state court's determination that petitioner was not entitled to an instruction on circumstantial evidence). When viewed under the lens of federal law and due-process principles, habeas relief is not warranted on this claim.

Even under state law, Petitioner cannot prevail. In *State v. Thompson,* 519 S.W.2d 789, 792 (Tenn.1975), the Supreme Court of Tennessee held that the failure to instruct the jury on circumstantial evidence was reversible error, whether or not the respondent requests such instructions, only "when *All* the incriminating evidence against the accused in a criminal trial is

circumstantial." (Emphasis in original). Here, the state court has acknowledged there *was direct and indirect evidence* supporting the petitioner's conviction. *See White*, 2005 WL 2662571, at *9 (acknowledging "direct evidence of the petitioner's guilt" in the form of testimony from eyewitnesses to the shooting). Therefore, the failure to ask for an instruction on circumstantial evidence was not erroneous under Tennessee law because the convicting evidence was not exclusively circumstantial.

Instead of giving the state court's decision rejecting Petitioner's ineffective assistance of counsel claim the deference required on habeas review, the district court supplanted its own determination on a matter of state law. The district court engaged in a detailed analysis of state law in reaching its conclusion that the jury should have been instructed on circumstantial evidence. This analysis misses the mark on habeas review. Whether the Tennessee Court of Criminal Appeals reached a different conclusion based on its view of the evidence is not a basis to grant Petitioner relief. In rejecting a habeas claim involving a claim of ineffective assistance of counsel for failing to object to a jury instruction which the state court rejected as a matter of state law, we have said that "[t]he reasons for [the state court's] finding are largely immaterial to this proceeding." *Lint v. Prelesnik*, 542 Fed.Appx. 472, 480 (6th Cir.2013).

The district court also conflated the state law governing when a circumstantial-evidence instruction is required with the common necessity for juries to infer the intent element of a crime. In Tennessee, a jury may draw an inference from evidence before it, whether the evidence is direct or circumstantial. *Benton v. Snyder*, 825 S.W.2d 409, 414 (Tenn.1992). Here, Petitioner was convicted based on an aiding and abetting theory which does not require

that she have been the actual shooter. The jury found that she "shared the criminal intent to kill the victim." *Robins*, 2003 WL 1386835, at *6. The prior panel outlined the evidence of Petitioner's involvement which helped to establish Petitioner's intent:

> The conflict between White and Simmons, not Simmons and Robins, led to the shooting. Given that the jury heard evidence of White's motive, efforts to locate Simmons, outburst at Simmons at the scene, and arrival with Robbins, we cannot say that the Tennessee Court of Criminal Appeals unreasonably determined that a rational trier of fact could infer White's intent. Her successful efforts to locate Simmons satisfies the statutory requirements of aiding Robins in the murder.

*White v. Steele*, 602 F.3d at 710–11.

Based on the evidence at trial, which we have already found sufficient to establish Petitioner's intent, the state court's determination that counsel was not ineffective for failing to ask for an instruction on circumstantial evidence was not unreasonable. Petitioner is not entitled to habeas relief on this claim.

### 2.

■ Petitioner alternatively contends that should this Court find the district court erred in granting her relief on her ineffective assistance of counsel claim, she is entitled to habeas relief on a different claim—that she was deprived of her opportunity to testify in her defense. This claim was raised in her petition but not considered by the district court. The district court noted that Petitioner did not file a response to the State's motion for summary judgment and therefore found that this and other claims were waived because

they were "not briefed." (Doc. 64, PageID 1298).[1]

Regarding controlling federal law, "a criminal defendant has a fundamental constitutional right to testify on his own behalf." *Neuman v. Rivers*, 125 F.3d 315, 318 (6th Cir.1997) (citing *Rock v. Arkansas*, 483 U.S. 44, 51–53, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)). Petitioner says that she was deprived of this right.

Petitioner first raised this claim on collateral review. The Tennessee Court of Criminal Appeals considered and rejected the claim. Although the state court found Petitioner's right was violated, it concluded that the error was harmless. The state court explained:

> Finally, the petitioner claims that her trial attorney was ineffective because he "unilaterally" decided that she should not testify "despite the fact that Ms. White had communicated to him her desire to take the witness stand in her own behalf." The State contends that the trial court's failure to conduct a *Momon* hearing was harmless error. We agree with the State.
>
> It is unquestionable that a criminal defendant has a fundamental, constitutional right to testify at trial. *See Momon v. State*, 18 S.W.3d 152, 161 (Tenn. 1999)....
>
> In this case, *Momon's* procedural guidelines were not followed. The petitioner did not testify at trial, and there is no evidence in the record to demonstrate that she personally waived her right to testify. *See id.* at 163. At the post-conviction hearing, the petitioner testified that she told her trial attorney she would testify if he needed her to. She then stated, "I would, if I had to, I

would, I wanted to testify." According to the petitioner, her attorney told her that she did not need to testify because the State had no evidence against her. The petitioner later stated that she did not testify at trial because "I ·didn't know I could." The petitioner's trial counsel testified at the hearing that the petitioner never told him that she wanted to testify and that he advised her not to testify because he did not want to expose her to the State's cross-examination. However, he never stated that the petitioner personally waived her right to testify. Therefore, we conclude that the petitioner's fundamental right to testify was violated.

Nevertheless, the violation of this right is subject to constitutional harmless error analysis. *See id.* at 167. In conducting a harmless error analysis, the factors to consider include "(1) the importance of the defendant's testimony to the defense case; (2) the cumulative nature of the testimony; (3) the presence or absence of evidence corroborating or contradicting the defendant on material points; [and] (4) the overall strength of the prosecution's case." *Id.* at 168. These factors "are merely instructive and not exclusive considerations." *Id.* "[T]he goal of harmless error analysis is to identify the actual basis on which the jury rested its verdict." *Id.*

The petitioner's trial attorney testified that the defense's theory of the case was that the petitioner and her codefendant were not present at the shooting. Leon Robins' sister testified at trial that Robins was at their mother's home at the time of the shooting, and the petitioner's

---

1. The district court granted Petitioner's Motion to Declare Certificate of Appealability Unnecessary in a marginal order. We assume, without deciding, that Petitioner is not precluded from raising this claim in the absence of a certificate of appealability. *See Morris v. Colson*, Nos. 11-6322, 6323 (6th Cir. Dec. 21, 2011).

mother testified that the petitioner was at her home. The petitioner's father testified that he went to bed about 8:00 p.m., that the petitioner was at his home at that time, and that she was there when he "got up." He also stated that if the petitioner had left his home while he was asleep, dogs would have barked. Despite this alibi testimony, the petitioner testified at the post-conviction hearing that she would have testified at trial that she snuck out of her parents' home and that she and Robins went to Pamela Johnson's apartment complex. When they arrived, the petitioner saw someone lying on the ground and heard gunshots.

The petitioner's denial of her involvement in the victim's shooting is important to her case. *See State v. Vaughan,* 144 S.W.3d 391, 411 (Tenn.Crim.App. 2003) (stating that "a denial by a criminal defendant that he committed the crimes with which he is charged can be of pivotal importance to his case"). However, in its order denying the petitioner post-conviction relief, the post-conviction court noted that the petitioner's proposed testimony would have been "extraordinary" given that her attorney described an alibi defense in his opening statements and given the fact that the petitioner's parents testified that she was in their home at the time of the shooting. Obviously, the post-conviction court did not accredit the petitioner's testimony. As to the second consideration, the petitioner's testimony was not cumulative. However, several eyewitnesses testified at trial that the petitioner was upset with the victim over money that the victim owed her, that they saw the petitioner arrive at the scene with Robins, that they heard the petitioner ask the victim about her money, and that they saw Robins shoot the victim. In light of this testimony, we believe that the State's case against

Robins and the petitioner was strong. Therefore, we conclude that the violation of the petitioner's right to testify was harmless beyond a reasonable doubt. Thus, even if the petitioner's attorney rendered deficient performance by failing to request a *Momon* hearing, the petitioner has failed to demonstrate that she was prejudiced by the deficiency. *White v. State,* 2005 WL 2662571, at *9–11.

The state court's analysis and conclusion is neither unreasonable nor contrary to clearly established federal law. Determining whether an error is harmless on habeas review requires the Court to ask whether the error "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Ruelas v. Wolfenbarger,* 580 F.3d 403, 411 (6th Cir.2009) (alteration in original) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). The Supreme Court has explained that "[w]hen a federal judge in a habeas proceeding is in grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict,' that error is not harmless." *O'Neal v. McAninch,* 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). The Supreme Court further explained that "[b]y 'grave doubt' we mean that, in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Id.* at 435, 115 S.Ct. 992.

Here, as set forth above, the Tennessee Court of Criminal Appeals carefully considered this issue, found a violation of the Petitioner's fundamental right to testify, and applied the *Chapman* standard as reflected in state law to deem the error harmless beyond a reasonable doubt. We cannot conclude that this conclusion was an unreasonable application of *Chapman* to the facts or contrary to *Chapman.* As

the state court noted, the disconnect between Petitioner's alibi evidence and her post-conviction testimony would have seriously impacted her credibility with the jury. To offer one version of events only to testify about a contradicting version would have no doubt undermined the likelihood of the jury accepting either. Given the evidence presented at trial, there is no reasonable possibility that the omission of Petitioner's testimony as presented on collateral review had a substantial and injurious effect or influence on the jury's verdict. Habeas relief is not warranted on this claim.

## III.

Because Petitioner failed to show that the state court's decisions denying her relief were unreasonable or contrary to Supreme Court law, she is not entitled to habeas relief. The decision of the district court is REVERSED.